United States District Court
Southern District of Texas
**ENTERED**
November 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SYLVIA P. ATKINSON | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-140 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## ORDER

In March 2024, Petitioner Sylvia P. Atkinson filed a motion to vacate, set aside, or correct her sentence, based on 28 U.S.C. § 2255. (Petition, Doc. 1)  She alleges that her bribery conviction cannot stand in light of recent Supreme Court decisions.  And she raises ten claims of ineffective assistance of counsel, alleging that her lawyers failed to:

- secure a plea agreement;
- advise her of the sentencing consequences of going to trial versus pleading guilty, never informing her of the possible sentence that she faced;
- properly investigate essential evidence that Atkinson informed them about;
- call witnesses who would have proven helpful to her defense;
- raise a statute of limitations defense;
- cross-examine Government witnesses using information that she provided;
- properly advise her against testifying;
- timely provide the United States Probation Office with accurate information to incorporate into her Presentence Investigation Report (PSR);
- review the amended PSR with her before the sentencing hearing; and
- object to the PSR and request a downward departure.

(*Id.*)

A United States Magistrate Judge requested briefing from the parties and affidavits from the four different attorneys who represented Atkinson at trial and for her sentencing hearing. (Orders, Docs. 4, 10) The Government then filed a Motion for Summary Judgment (Doc. 25).

The Magistrate Judge did not hold an evidentiary hearing and issued a Report and Recommendation, recommending that the Court grant the United States' Motion for Summary Judgment, deny Atkinson's Petition, and not issue a Certificate of Appealability. (Amended R&R, Doc. 34) Atkinson timely filed objections to the R&R. (Objs., Doc. 48)

The Court affords *de novo* review to any part of the R&R to which Atkinson objected. FED. R. CIV. P. 72(b)(3). Having conducted that review, and based on the record and the applicable law, the Court concludes that Atkinson is not entitled to any relief. The Court finds that the R&R correctly and ably analyzes the issues that Atkinson presents, but augments the R&R on two issues in the following section.

**I.**

Atkinson alleges that her counsel provided her with ineffective assistance by failing "to perform the basic steps to . . . resolve the prosecution with an early plea of guilty", and by failing "to advise [her] of the sentencing range she might be assigned if convicted prior to trial and even when she asked them directly after she was found guilty." (Pet., Doc. 1, 5, 26) More specifically, she alleges that her trial counsel sidestepped her questions about her sentencing exposure "because they felt that it would not come to conviction." (*Id.* at 26) She faults them for not making her understand that, in her words, "merely being indicted by the U.S. Attorneys is tantamount to being found guilty at trial." (*Id.* (citing statistic that over 90% of federal indictments result in a conviction or guilty plea)) In addition, she alleges that her counsel failed to urge her sufficiently to accept a plea offer. For example, she submits an email that she received from her counsel that referenced three matters, including a plea offer. (Email, Doc. 48-1, 2) She faults her attorneys for not highlighting, commenting on, or requesting her thoughts on the plea offer. (Objs., Doc. 48, 7

("Even a basic statement regarding his desire to obtain her input and/or consideration related to any of the items presented would have been deemed reasonable by any lay person.")) Due to her attorneys' collective omissions, Atkinson alleges she was misled into a "false sense of security" concerning her ultimate conviction and sentence. (*Id*. at 27)

Atkinson's attorneys for trial and for sentencing have submitted affidavits controverting her recollection about what they communicated to her. (*See* Affidavits, Docs. 12, 15, 16, 20) In general, they profess that they spoke with her about the possible sentencing guideline range, and that they talked with her about a plea offer that the Government had extended. According to these attorneys, Atkinson made an informed decision to reject the plea offer and to proceed to trial.

Atkinson's allegations and her attorneys' affidavits present sharply contrasting information. And often, a factual dispute in a Section 2255 matter triggers the need for an evidentiary hearing, to enable the court to hear testimony and resolve the disputed issues. Atkinson requests such a hearing, arguing that "the circumstances regarding sentencing negotiations and counsel's communications with Petitioner require" one. (Objs., Doc. 48, 25)

The Court, however, disagrees, finding that Atkinson's claims lack merit, and that a hearing is unnecessary to resolve the issue. A "§ 2255 motion requires an evidentiary hearing *unless* either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019) (emphasis added). In the present case, both principles in tandem apply to each of Atkinson's claims, allowing for a resolution of her Petition without a hearing. On the issues of communications between Atkinson and her counsel regarding plea offers and her sentencing exposure, the second principle controls.

As an initial matter, Atkinson's Petition suffices to allege that her attorneys failed to fulfill their constitutional duties. Defense counsel bear an obligation to communicate plea offers to the

accused. *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012) ("[T]he Sixth Amendment protects against, and remedies, the rejection of favorable plea offers for want of effective assistance of counsel."). Similarly, an attorney who "grossly underestimate[es]" a defendant's sentencing exposure "breaches his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable." *United States v. Grammas*, 376 F.3d 433, 436–37 (5th Cir. 2004) (cleaned up). In essence, if Atkinson proved her allegations concerning her lawyers' statements regarding plea offers and her sentencing exposure, she would demonstrate that her attorneys' communications fell short of constitutional requirements.

Proving as much, however, would not end the matter. A Section 2255 petitioner must also demonstrate prejudice when alleging that her counsel failed to effectively communicate about plea offers or an estimate of the accused's sentencing exposure. *See Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (explaining that the accused "must show [that] the outcome of the plea process would have been different with competent advice."); *United States v. Minor*, No. 21-10200, 2022 WL 11776785, at *2 (5th Cir. Oct. 20, 2022) (analyzing the prejudice prong). And when a defendant alleges that her lawyer failed to communicate properly about a plea offer or sentencing exposure, the only logical prejudice is that had defense counsel satisfied his constitutional duties and communicated the allegedly-omitted information, the accused would have accepted a plea offer and pled guilty to at least some of the alleged crimes, receiving the benefits at sentencing from the guilty plea. *See Minor*, 2022 WL 11776785, at *3–4. In other words, a defendant convicted of a crime by a jury can advance a claim that her counsel failed to communicate effectively about plea offers or sentencing exposure only by arguing that had her counsel presented the required information before trial, she would have pled guilty and ultimately received a lesser sentence. *See United States v. Cisneros*, No. 22-40102, 2023 WL 8433978, at *6 (5th Cir. Dec. 5, 2023) (affirming the denial of relief to a Section 2255 petitioner who claimed that

his lawyer rendered faulty advice that led him to proceed to trial, explaining that the petitioner "failed to show a reasonable probability that he would have pleaded guilty but for his counsel's alleged erroneous advice").

Consistent with this reasoning, a Section 2255 petitioner advancing such claims must include specific allegations about her willingness to plead guilty. "Where counsel's deficient performance causes a plea offer to lapse or be rejected, defendant, in order to establish prejudice, must demonstrate a reasonable probability that: (1) he would have accepted the plea offer had he been afforded effective assistance of counsel; (2) the plea would have been entered without the prosecution canceling the offer or the trial court's refusing to accept it; and (3) the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *United States v. White*, 715 F. App'x 436, 437–38 (5th Cir. 2018). Absent such allegations, a court can deny a Section 2255 petition, even after accepting that defense counsel communicated ineffectively about plea offers or sentencing exposure. *See, e.g., Minor*, 2022 WL 11776785, at *2 (affirming the denial of Section 2255 petition without an evidentiary hearing as the petitioner never alleged that he would have accepted a plea offer, had one been available to him).

In the present matter, Atkinson makes no attempt to satisfy this requirement. She never alleges that had her trial counsel communicated with her as she alleges they should have, she would have pled guilty to at least one of the alleged crimes. On the contrary, her petition takes the opposite position. She asserts that recent Supreme Court decisions undercut her bribery conviction, and that her trial counsel failed to call witnesses, introduce evidence, and cross-examine government witnesses with information that would have exonerated her. Such arguments are inconsistent with a defendant willing to admit guilt, but for the erroneous advice of her counsel. Atkinson's failure to allege that she would have pled guilty, and her arguments

that preclude an inference that she would have done so, renders an evidentiary hearing unnecessary.

Thus, for purposes of resolving these claims, the Court accepts Atkinson's allegations as true, assuming that her attorneys failed to comply with their constitutional obligations regarding plea offers and an explanation of her sentencing exposure. Even with this assumption, however, she cannot prevail. She includes no allegations conceding that she would have accepted a plea offer, that the Government would have maintained that offer open until she accepted it, or that the Court would have accepted it. The absence of such allegations proves fatal to these claims.

## II.

For these reasons, the Court **OVERRULES** Sylvia P. Atkinson's objections and **ADOPTS** the Amended Report and Recommendation (Doc. 34). It is:

**ORDERED** that the United States's Motion for Summary Judgment (Doc. 25) is **GRANTED**; and

**ORDERED** that Petitioner Sylvia P. Atkinson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED**.

In addition, the Court finds that no outstanding issue would be debatable among jurists of reason, and that Atkinson fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court **DENIES** a Certificate of Appealability.

The Clerk of Court is directed to close this matter.

Signed on November 13, 2024.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge